French, J.,
concurring in judgment.
{¶ 72} I join the lead opinion in affirming the judgment of the court of appeals and upholding the conviction of appellant, Jeffrey Arnold. However, I disagree with the lead opinion’s analysis on two points.
{¶ 73} First, I disagree with the lead opinion’s conclusion that Arnold lacked standing to raise any claim based on an alleged violation of Lester Arnold’s Fifth Amendment right against self-incrimination. Lead opinion at ¶ 34. Arnold did not attempt to assert a Fifth Amendment right on behalf of his father. Rather, Arnold argued that he himself was unfairly prejudiced by the improper admission of Lester’s written statement and testimony after Lester invoked the privilege. This court has evaluated similar challenges to the admission of witness testimony after an assertion of privilege without inquiring into defendant’s standing to raise such a claim. See, e.g., State v. Dinsio, 176 Ohio St. 460, 200 N.E.2d 467 (1964) (trial court erred in allowing prosecution to continue line of questioning after witness properly asserted privilege against self-incrimination). I would therefore conclude that Arnold had standing to challenge the trial court’s admission of Lester’s testimony on Fifth Amendment grounds. However, I agree that the trial court did not abuse its discretion in admitting Lester’s testimony, because he did not establish reasonable cause to apprehend a real danger of self-incrimination.
*159 {¶ 74} I also disagree with the lead opinion’s analysis of Lester’s availability for cross-examination for Confrontation Clause purposes. The Confrontation Clause of the Sixth Amendment to the United States Constitution bars “admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination.” Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). When a witness relies on his privilege against self-incrimination and refuses to testify, the defendant’s “inability to cross-examine [the witness] as to the alleged [out-of-court statement] plainly deniefs] him the right of cross-examination secured by the Confrontation Clause.” Douglas v. Alabama, 380 U.S. 415, 419, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). See also United States v. Owens, 484 U.S. 554, 562, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988) (“assertions of privilege by the witness may undermine the process to such a degree that meaningful cross-examination * * * no longer exists”).
{¶ 75} The lead opinion concludes that the admission of Lester’s prior written statement did not violate Arnold’s rights under the Confrontation Clause, because Lester testified in open court. Lead opinion at ¶ 66. However, Lester invoked the Fifth Amendment privilege. Notwithstanding the validity of that assertion, he was an unavailable witness for Confrontation Clause purposes. The Confrontation Clause therefore requires us to determine whether Lester’s prior written statement was a testimonial or nontestimonial statement. “ ‘Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.’ ” State v. Siler, 116 Ohio St.3d 39, 2007-Ohio-5637, 876 N.E.2d 534, ¶ 30, quoting Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Statements are “ ‘testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.’ ” Id., quoting Davis at 822. The admission of Lester’s out-of-court written statement passes constitutional muster only if the statement was nontestimonial. State v. Jones, 135 Ohio St.3d 10, 2012-Ohio-5677, 984 N.E.2d 948, ¶ 143. The lead opinion skips over this inquiry and concludes that allowing Lester to read his prior -written statement at trial did not violate Arnold’s right to confrontation.
{¶ 76} Nevertheless, I ultimately agree with the lead opinion in affirming Arnold’s conviction. Even if the trial court erred in admitting Lester’s prior written statement in violation of Arnold’s right to confrontation, the error was harmless because other properly admitted evidence supported Arnold’s conviction beyond a reasonable doubt. I therefore concur in the judgment upholding Arnold’s conviction.